**James Roy HILL, Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

No. 77–597C(2).

United States District Court,
E. D. Missouri, E. D.

June 6, 1977.

James Roy Hill, pro se.

John D. Ashcroft, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM

REGAN, District Judge.

In accordance with the practice in this district, leave was granted to file this pro se petition for a writ of habeas corpus in forma pauperis. We now examine the petition in accordance with Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Initially, we note that neither the form of the petition nor the in forma pauperis certificate is in substantially the form prescribed by the Rules governing this type of case.

It appears from the petition that on some unspecified date, petitioner was convicted on six charges (two of first degree murder, two of robbery in the first degree, and two of assault with malice aforethought) and that he unsuccessfully appealed his conviction to the Missouri Court of Appeals, St. Louis District. He alleges that the sole issue involved in the petition was decided adversely to petitioner on his appeal, so that, presumably, he has exhausted his available state remedies with respect thereto.

The petitioner alleges that following a hearing on a motion to suppress certain identifications of petitioner, the trial judge issued an order on February 26, 1973 to the effect that Sandra Clemens could not make an in-court identification until at trial the Court conducted a further Wade-Stovall-King hearing to determine whether the in-court identification was based upon a photograph or an independent source, and that prosecuting attorney and police were not to show her any photographs of defendant (or of other defendants charged in the crimes). Petitioner contends that although the Court

order was never "cancelled," the Court permitted a Mrs. Collins to make an in-court identification without first holding a hearing as required by the order of February 26, 1973 and further contends that Mrs. Collins was shown photographs of defendant by the prosecuting authorities.[1] He argues that his constitutional rights were violated solely because the court's order of February 26, 1973 was not complied with.

We have referred to the opinion in petitioner's appeal to ascertain what precise point was made and ruled in the state Courts. It is reported in *State v. Hill,* Mo.App., 539 S.W.2d 521. It appears from the petition, as well as from the opinion in the state appeal, that Ms. Clemens had been unable to make an identification of petitioner from any photographs shown to her. However, she identified him in court on the basis of what she personally had observed at the time of the robbery.

The Missouri Court of Appeals commented that it was likely that by the time of trial, the court order had been forgotten by all concerned, including defense counsel. More importantly, it ruled that the testimony of Ms. Clemens (set forth in the opinion on 539 S.W.2d at page 527) prior to identifying defendant established an independent basis for her identification, and we agree. Hence, as the Court held, the purpose of the court order was fulfilled. As for the photographs, the Court noted that the only times she was shown pictures of defendant were prior to the date of the court order (and as above noted, she could not identify defendant from any photograph).

The petition does not attack the identification testimony per se. It complains only of the alleged violation of the order of February 26, 1973. In the circumstances here presented, it plainly appears to us that the alleged violation of that order does not rise to constitutional proportions or entitle petitioner to habeas corpus relief. Accordingly, the petition will be dismissed without further proceedings.

1. We assume that petitioner inadvertently wrote "Collins" instead of "Clemens", because Collins was not mentioned in the court's order.